**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

BRYAN TURANO, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

AFFORDABLE SERVICES CORP.; and
WALTER SCOTT SPENCER,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Bryan Turano ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

**NATURE OF THIS ACTION**

1. This action is brought on behalf of all plumbing, heating, air conditioning, electrical, sewer, and excavation service technicians (collectively, "service technicians") employed by Affordable Services Corp. ("Affordable Services") within the United States within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

2. Plaintiff alleges that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 Colo. C. Reg. § 1103-

1, by failing to pay service technicians (i) the applicable minimum wage for all hours worked; and (ii) overtime compensation.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law is so related to the FLSA claim that it forms part of the same case or controversy.

5. Defendant Affordable Services is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and the acts and omissions alleged herein occurred in this State.

6. Defendant Walter Scott Spencer ("Mr. Spencer") is subject to personal jurisdiction in Colorado because, among other things, he implemented the relevant pay practices in this State.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

8. Plaintiff is an individual who is domiciled and resides in Colorado Springs, Colorado.

9. Affordable Services is a Colorado corporation maintaining its principal place of business in Colorado Springs, Colorado. It has locations in at least Colorado, Washington, Florida, and Wyoming.

10. Mr. Spencer is, upon information and belief, the owner and president of Affordable Services.

11. Upon information and belief, Mr. Spencer is, and at all points relevant to this Complaint has been, responsible for Affordable Services' pay practices and exercises substantial control over its finances and operations. As such, he is individually liable for Affordable Services' illegal pay practices as alleged herein pursuant to the FLSA.

12. Affordable Services and Mr. Spencer are collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Affordable Services as service technicians (regardless of specific title) in the United States at any time in the last three (3) years through entry of judgment in this case and (i) were not paid minimum wage for all hours worked ("Minimum Wage Collective"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty (40) in a workweek ("Overtime Collective"). The Minimum Wage Collective and Overtime Collective are together referred to as the "Collectives."

14. Plaintiff will fairly and adequately protect the interests of the members of the Collectives and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

15. The members of the Collectives are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Affordable Services' violation of the Colorado Wage Order, 7 Colo. C. Reg. § 1103-1.

17.     Plaintiff brings his Colorado state law claim on behalf of all persons who were employed by Affordable Services in Colorado at any time in the last three (3) years through the date of the entry of judgment in this case who hold or held the position of service technician (regardless of specific title) and (i) were not paid minimum wage for all hours worked ("Minimum Wage Class"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty (40) hours in a workweek or twelve (12) hours in a work day ("Overtime Class"). The Minimum Wage Class and the Overtime Class are together referred to as the "Colorado Classes."

18.     The members of the Colorado Classes are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Affordable Services, upon information and belief, there are at least thirty (30) members of the Colorado Classes.

19.     Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same or substantially similar job as the members of the Colorado Classes; Affordable Services paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wrongful conduct engaged in by Affordable Services in violation of the Colorado Wage Order.

20. The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against, on information and belief, a well-capitalized corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Affordable Services' conduct.

21. Affordable Services has acted or refused to act on grounds generally applicable to the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

22. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

23. Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

24. There are questions of law and fact common to the Colorado Classes which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

a) whether Affordable Services employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

b) whether Affordable Services' policies and practices described within this Complaint are illegal;

c) whether Affordable Services paid the members of the Colorado Classes for all hours worked;

d) whether the payments to the members of the Colorado Classes were within the minimum wages required by applicable law;

e) whether Affordable Services properly calculated the number of overtime hours payable to the members of the Colorado Classes based on their work beyond forty (40) hours in a workweek or twelve (12) hours in a work day;

f) whether the overtime rates paid to the members of the Colorado Classes were those required by law;

g) what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and,

h) whether Affordable Services is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

25. Plaintiff was hired by Affordable Services as a service technician in or around January 2019 and left his employment with Affordable Services in or around May 2019.

26. At all times relevant hereto, Plaintiff was employed by Affordable Services as a service technician. The job responsibilities of service technicians include, among other things, diagnosing problems with and repairing (as applicable) plumbing, heating, air conditioning, and electrical components and systems as well as installing and maintaining sewer systems and providing excavation services; interfacing with commercial and residential property

owners/representatives; and, as an ancillary component of their work, selling relevant products and services to homeowners and commercial property owners/representatives.

27. At all relevant times, Affordable Services properly classified service technicians as employees.

28. Service technicians are non-exempt under the FLSA and the Colorado Wage Order.

29. Service technicians routinely worked six (6) or seven (7) days per week, frequently exceeding eight (8) or even ten (10) hours per work day. In a typical workweek, Plaintiff worked at least forty-five (45), and sometimes over sixty (60), hours.

30. On an hourly basis, Affordable Services paid Plaintiff less than $8.00/hour, well under Colorado's current minimum wage of $11.10/hour. For example, during the week of April 27, 2019 to May 3, 2019, Mr. Turano was paid—gross—$427.56 for at least 56.72 hours of work, or no more than $7.53/hour.

31. Likewise, Affordable Services does not pay service technicians overtime compensation for all hours worked over forty (40) in any workweek. For example, during the week of April 27, 2019 to May 3, 2019, Plaintiff worked at least 56.72 hours.

32. While on a strictly hourly pay structure, Plaintiff routinely worked through lunch and other breaks. Those breaks through which he worked, however, were deducted from his work hours, depriving Plaintiff of compensable time.

33. Affordable Services has in place inadequate timekeeping method for tracking and recording the time its service technicians spend working.

34. Throughout all relevant time periods, Affordable Services failed to maintain accurate and sufficient time records and endeavored to maintain opacity in its pay practices.

35. Plaintiff frequently complained about his pay, including Affordable Services' failure to pay minimum wage and overtime compensation to which Plaintiff was entitled.

36. Defendants' violations of the FLSA and the Colorado Wage Order are willful. Mr. Spencer is well aware of Affordable Services' legal obligation to pay overtime compensation and minimum wages because these issues were repeatedly brought to his attention.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
*Collective Action against All Defendants*

37. All preceding paragraphs are incorporated.

38. At all relevant times, Affordable Services has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

39. At all relevant times, Mr. Spencer has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

40. At all relevant times, Defendants employed and/or continue to employ each of the members of the Collectives within the meaning of the FLSA.

41. At all relevant times, on information and belief, Affordable Services has had gross annual revenues exceeding $500,000.

42. At all relevant times, Affordable Services had a uniform policy and practice of failing to pay service technicians for all hours worked, of failing to compensate them at the appropriate minimum wage, and of failing to pay overtime compensation for all overtime hours at one-and-one-half their respective proper regular rates of pay.

8

43. As a result of Affordable Services' willful failure to properly compensate its employees, including Plaintiff and the Collective members, Affordable Services has violated and, continues to violate, the FLSA.

44. Affordable Services has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

46. Due to Defendants' FLSA violations, Plaintiff and the Collective members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime compensation, actual and liquidated damages, including Affordable Services' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

47. The opt-in form of Plaintiff is attached as Exhibit 1.

**SECOND CLAIM FOR RELIEF**
**COLORADO WAGE ORDER**
*Class Action against Affordable Services*

48. All preceding paragraphs are incorporated.

49. At all relevant times, Plaintiff and the members of the Colorado Classes were employed by Affordable Services within the meaning of the Colorado Wage Order.

50. Affordable Services is covered under the Colorado Wage Order as it is a retail and service entity.

51. Affordable Services violated the Colorado Wage Order by failing to pay service technicians for all hours worked at the minimum wage prescribed by the Colorado Wage Order, by failing to properly calculate overtime hours, and by failing to pay overtime compensation at the rates required.

52. Plaintiff and the members of the Colorado Classes are entitled to recover from Affordable Services minimum wage for all hours worked, overtime compensation at the appropriate premium for hours worked over forty (40) in a workweek or twelve (12) in a work day, any statutory penalties, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the Colorado Wage Order.

**THIRD CLAIM FOR RELIEF**
**RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 215(a)(3))**
*Plaintiff against Defendants*

53. All preceding paragraphs are incorporated.

54. At all times relevant to this Complaint, Affordable Services was an employer within the meaning of the FLSA and employed Plaintiff.

55. At all times relevant to this complaint, Mr. Spencer was an employer within the meaning of the FLSA and employed Plaintiff.

56. Pursuant to 29 U.S.C. § 215(a)(3), Plaintiff complained to Defendants about their violations of the FLSA. Such complaints constitute lawful protected activity.

57. In retaliation for Plaintiff's protected activity, Defendants discriminated against Plaintiff by promptly began slashing Plaintiff's assigned service calls, thereby depriving him of the source of his earnings.

58. Defendants' conduct left Plaintiff no reasonable alternative but to quit on or about May 10, 2019. Plaintiff's resignation constitutes a constructive discharge.

59. Defendants' illegal retaliation against Plaintiff was not in good faith, and thus, Plaintiff is entitled to liquidated damages together with other compensable damages.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA pursuant to 29 U.S.C. § 255(a).

61. Due to Defendants' violations of the FLSA anti-retaliation provisions, Plaintiff is entitled to recover from Defendants back pay, front pay, liquidated damages, emotional distress, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collectives and the Colorado Classes, respectfully requests that this Court grant the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and his counsel to represent the classes;

b) Designation of this action as a collective action on behalf of the members of the Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the Colorado Wage Order;

e) An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h) An award of pre-judgment and post-judgment interest;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed Collectives and Colorado Classes have a right to jury trial.

Respectfully submitted this 13th day of May, 2019.

/s/ Andrew E. Swan
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:   (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiff*